Filed 5/18/16  In re S.G. CA1/1
Received for posting 5/19/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re S.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.G.,<br><br>        Defendant and Appellant. | A146231<br><br>(Contra Costa County<br>Super. Ct. No. J1201545) |

        S.G. appeals from an order denying his request to have his DNA sample destroyed and DNA profile expunged from the state databank.  The basis of S.G.'s request was that his DNA sample had been submitted in conjunction with an offense that, while a felony at the time it was committed, was reduced to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act.  This division recently held that the reduction of an offense to a misdemeanor under Proposition 47 does not entitle minors to have their DNA records expunged even if, as misdemeanants, they would not have been required to provide DNA samples in the first place.  (*In re J.C.* (Apr. 28, 2016, A146103) __ Cal.App.4th __ (*J.C.*) [pp. 10-12].)  We follow *J.C.* and affirm.

1

# I.
## FACTUAL AND PROCEDURAL
### BACKGROUND

In 2013, 16-year-old S.G. stole a necklace worth $300 and pleaded no contest to the allegation that he committed grand theft of property from the person of another, an offense that was then a felony.[1] S.G. was already a ward of the court under Welfare and Institutions Code section 602 based on previous misdemeanor offenses, and the juvenile court continued the wardship as a result of the plea. S.G. was placed on probation, and he was ordered to submit a DNA sample.

In May 2015, the juvenile court terminated S.G.'s probation and wardship. A month later, S.G. filed a petition asking the court to redesignate his felony offense as a misdemeanor under Proposition 47, vacate its order directing him to provide a DNA sample, and order the sample destroyed and his DNA profile expunged from the state databank.[2] The court granted the petition in part, by redesignating the felony offense as a misdemeanor and reducing S.G.'s maximum term of confinement, but it denied S.G.'s request for expungement of his DNA record. In denying the request for expungement, the court primarily relied on *Coffey v. Superior Court* (2005) 129 Cal.App.4th 809, which held that a defendant who pleaded guilty to a wobbler offense as a felony was not entitled to expungement of his DNA record after the charge was reduced to a misdemeanor under section 17.[3] (*Coffey*, at pp. 812, 824.)

---

[1] The plea was made under Penal Code section 487, subdivision (c). All further statutory references are to the Penal Code unless otherwise noted.

[2] Similarly to *J.C.*, *supra*, __ Cal.App.4th __, we will refer to the destruction of a DNA sample and expungement of a DNA profile as expungement of a DNA record. (See *id.* at p. 2 & fn. 2.)

[3] In denying S.G.'s request for expungement, the juvenile court incorporated the rationale it had articulated in a separate case.

## DISCUSSION

S.G. claims that the juvenile court wrongly denied his request for expungement of his DNA record in light of the reduction of his offense from a felony to a misdemeanor. We disagree.

### A.     *The Governing Law.*

As relevant here, California law requires "any juvenile who is adjudicated under Section 602 of the Welfare and Institutions Code for committing any felony offense" to provide a DNA sample so that his or her DNA profile may be included in the state databank.  (§ 296, subd. (a)(1).)  The Attorney General effectively concedes that the only basis on which S.G. was required to provide a DNA sample was that his offense was a felony at the time of adjudication.

Proposition 47 was enacted and became effective in November 2014.  (*J.C.*, *supra*, __ Cal.App.4th __ [p. 4].)  This proposition " 'reduce[d] penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes,' " including grand theft if the value of the stolen property is no more than $950.  (*Ibid.*; § 490.2, subd. (a).)  Under section 1170.18, "persons previously convicted of a felony 'who would have been guilty of a misdemeanor under [Proposition 47]' had it been in effect at the time of their offense" are entitled to petition for resentencing to a misdemeanor or, if their sentence has already been completed, apply to have the felony conviction designated a misdemeanor.  (*J.C.*, at p. 4; § 1170.18, subds. (a), (f).)  Section 1170.18 also provides, "Any felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction [of certain firearms-related offenses]."  (§ 1170.18, subd. (k).)

Under section 299, subdivision (a), a person can seek expungement of his or her DNA record "if the person has no past or present offense or pending charge which qualifies that person for inclusion within the [state databank] and there is otherwise no

legal basis for retaining the specimen or sample or searchable profile." Section 299 identifies particular circumstances in which expungement may be sought, including when the underlying conviction or disposition has been reversed and the case dismissed or when the person is found factually innocent of the underlying offense. (§ 299, subd. (b).) At the time S.G. sought expungement, section 299, subdivision (f) provided: "Notwithstanding any other provision of law, including Sections 17, 1203.4, and 1203.4a, a judge is not authorized to relieve a person of the separate administrative duty to provide [a DNA sample] if a person . . . was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296, or . . . pleads no contest to a qualifying offense as defined in subdivision (a) of Section 296."

In *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 (*Alejandro N.*), the Fourth District Court of Appeal held that a person whose felony offense has been redesignated as a misdemeanor under Proposition 47 is entitled to expungement of his or her DNA record if there is otherwise no basis for retaining it. (*Id.* at pp. 1227, 1230.) The court reasoned that "[t]he plain language of section 1170.18, subdivision (k) reflects the voters intended [a] redesignated misdemeanor offense should be treated exactly like any other misdemeanor offense, except for firearm restrictions" and concluded that, given their choice "to extend the benefits of Proposition 47 on a broad retroactive basis[,] . . . the voters likewise intended to provide retroactive relief with regard to retention of already-secured DNA samples." (*Alejandro N.*, at pp. 1227-1228.) [4]

Two months after *Alejandro N.*, *supra*, 238 Cal.App.4th 1209 was decided, Assembly Bill No. 1492 (2015-2016 Reg. Sess.) (Bill No. 1492) was signed into law with an effective date of January 1 of this year. (*J.C.*, *supra*, __ Cal.App.4th __ [p. 6].) As relevant here, the bill amended section 299, subdivision (f) "by inserting '1170.18' into the list of statutes that do not authorize a judge to relieve a person of the duty to provide a

---

[4] *Alejandro N.*, *supra*, 238 Cal.App.4th 1209 was issued nine days after the juvenile court denied S.G.'s request for expungement of his DNA record. S.G.'s notice of appeal specifies that S.G. challenges this denial as well as the "subsequent denial of [a] motion to reconsider." Although no such motion or ruling appears in the record before us, S.G. may have sought reconsideration based on *Alejandro N.*

4

DNA sample." (*J.C.*, at p. 7.) Thus, section 299, subdivision (f) now provides, "Notwithstanding any other law, including Sections 17, 1170.18, 1203.4, and 1203.4a, a judge is not authorized to relieve a person of the separate administrative duty to provide [a DNA sample] if a person . . . was adjudicated a ward of the court by a trier of fact of a qualifying offense . . . ."

As we mentioned, in *J.C.*, *supra*, __ Cal.App.4th __, this division confronted the same issue presented here—the effect of *Alejandro N.*, *supra*, 238 Cal.App.4th 1209 and the subsequent enactment of Bill No. 1492—and held that minors are not entitled to expungement of their DNA records based on the reduction of their offense to a misdemeanor under Proposition 47. (*J.C.*, at pp. 10-12.) Declining to examine *Alejandro N.*'s reasoning, *J.C.* concluded that rather than changing the law under Proposition 47, Bill No. 1492 simply clarified existing law that the reduction of a felony to a misdemeanor does not entitle a minor to expungement of his or her DNA record. (*J.C.*, at pp. 3-4, 17-18.) Thus, Bill No. 1492 does not implicate the rule that "statutory amendments ordinarily may not be applied retroactively," and it therefore "precludes the granting of requests for expungement" even if they were made before its effective date. (*J.C.*, at pp. 2, 14.)

B.       *The Appealability of the Juvenile Court's Order.*

Although neither party raises the issue, we first consider whether the juvenile court's order is appealable. (See *Ram v. OneWest Bank*, *FSB* (2015) 234 Cal.App.4th 1, 9 [appellate courts " 'dutybound to consider' the question of appealability"].) We do so because section 299, which establishes a mechanism for seeking expungement of a DNA record, provides that "[t]he [trial] court has the discretion to grant or deny the request for expungement" and "[t]he denial of a request for expungement is a nonappealable order and shall not be reviewed by petition for writ." (§ 299, subd. (c)(1).)

*Coffey v. Superior Court*, *supra*, 129 Cal.App.4th 809 considered the related issue of whether this provision barred writ review of the denial of a motion for expungement. The motion was based on the theory that the defendant's DNA sample was "collected in violation of his Fourth Amendment rights" because the defendant had been convicted of a

5

wobbler offense that "was to be reduced to a misdemeanor upon his completion of [a] counseling program[.]" (*Id.* at pp. 812-813, 815.) The court concluded that "[a]lthough [the defendant] asserted that the proper remedy was expungement under section 299 . . ., in context he was merely attempting to justify a particular remedy by analogy, not undertaking to meet the prerequisites of section 299 or rely on its statutory authority." (*Coffey*, at p. 816.)

Similarly, although S.G. sought the same remedy as that provided for under section 299, i.e., expungement of his DNA record, it is clear that his request was premised on Proposition 47's reduction of his offense from a felony to a misdemeanor, not on his ability to meet one of section 299's grounds for relief. (See § 299, subd. (b).) Therefore, we conclude that the denial of S.G.'s request for expungement is appealable as a subsequent order after judgment. (Welf. & Inst. Code, § 800, subd. (a).)

C.    *S.G. Is Not Entitled to Expungement of His DNA Record By Virtue of His Offense's Reduction to a Misdemeanor Under Proposition 47.*

S.G.'s claim fails under *J.C.*, *supra*, __ Cal.App.4th __, whose reasoning about the effect of Bill No. 1492 we adopt. In light of *J.C.*'s holding that the rule barring retroactive application of statutory amendments is inapplicable because Bill No. 1492 simply clarified preexisting law that minors are not entitled to expungement of their DNA records when their offense is reduced from a felony to a misdemeanor (*J.C.*, at pp. 2, 10-11, 14, 17), we need not address S.G.'s arguments that we should follow *Alejandro N.*, *supra*, 238 Cal.App.4th 1209 instead of *Coffey v. Superior Court*, *supra*, 129 Cal.App.4th 809. *J.C.* decisively rejects S.G.'s arguments that Bill No. 1492's amendment of section 299, subdivision (f) does not purport to preclude expungement of DNA records in connection with the reduction of an offense under Proposition 47, is not retroactive, and is unconstitutional because it thwarts the voters' intent in passing that legislation. (*J.C.*, at pp. 10-21.) We perceive no distinction between this case and *J.C.* that would provide any basis for reaching a different result here, and we therefore conclude that the juvenile court properly denied the request for expungement of S.G.'s DNA record.

## III.
### DISPOSITION

The juvenile court's order denying the request for expungement of S.G.'s DNA record is affirmed.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*In re S.G.* (A146231)

8